UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMNATTA M. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-824-SPM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant Carolyn W. Colvin's Motion to Reverse and Remand the case to Defendant for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17).

On April 30, 2013, Plaintiff filed a Complaint seeking review of Defendant's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). Both Plaintiff and Defendant consented to have the undersigned United States Magistrate Judge conduct all proceedings in the case, including trial and entry of a final judgment, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 13). On July 8, 2013, Defendant filed its answer and the transcript of the administrative record. (Docs. 15 & 16).

On July 10, 2013, Defendant filed the instant motion to reverse and remand. Defendant states that after careful review of the record, agency counsel requested that the Appeals Council of the Social Security Administration reconsider Defendant's decision, and the Appeals Council determined that remand was appropriate. Defendant states that upon receipt of a remand order from this Court, the Appeals Council will remand this case to an ALJ with directions to (1) further consider Plaintiff's residual functional capacity (RFC) and in so doing, articulate the specific

limitations in terms of work-related functioning; (2) obtain evidence from a vocational expert (VE) to clarify the effect of the assessed limitations on the occupational base and to determine whether a significant number of jobs exist in the national economy that Plaintiff can perform; and (3) issue a new decision.

In her response, Plaintiff agrees that the ALJ's RFC finding and the lack of a vocational expert require reversal and remand. She also requests that this Court not limit its remand to those findings while affirming the remaining findings of the ALJ, but that this Court rather require the ALJ to issue a new decision entirely.

Under sentence four of 42 U.S.C. § 405(g), "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." The Court agrees with both Plaintiff and Defendant that the ALJ's decision must be reversed, because the decision is plainly missing an RFC finding[1] and because the ALJ found Plaintiff had severe mental impairments and yet relied on the Medical-Vocational Guidelines instead of on the testimony of a VE. (Tr. 33, 37-38). *See* 20 C.F.R. § 416.920(e) (describing the role of the RFC in the five-step disability evaluation process); *King v. Astrue*, 564 F.3d 978, 979 (8th Cir. 2009) ("[W]e can find no case in our circuit sanctioning the Commissioner's use of the [Medical-Vocational Guidelines] at step five, as opposed to VE testimony, in a case involving a severe mental nonexertional impairment"). It is unclear at this time whether there are other errors in the ALJ's decision or whether the ALJ's other findings are supported by substantial evidence. Thus, the Court does not affirm any part of the ALJ's decision. On remand, the ALJ should ensure that her entire decision complies with the relevant regulations.

---

[1] The ALJ's decision states, "After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:". No limitations follow the colon. (Tr. 33).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (Doc. 17) is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and this matter is **REMANDED** for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of August, 2013.