UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMNATTA M. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-824-SPM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Kimnatta M. Jones's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. 21), which Plaintiff amended on October 2, 2013 (Doc. 26). Defendant Carolyn W. Colvin has responded, objecting to the amount of fees requested. (Docs. 23, 27).

**I.    BACKGROUND**

On April 30, 2013, Plaintiff filed a complaint seeking review of Defendant's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). On July 10, 2013, after filing its answer and the transcript of the administrative record, Defendant filed a motion to reverse and remand the case, stating that the Appeals Council had reviewed the case and determined that remand was appropriate. (Doc. 17). In its motion, Defendant stated, "Upon receipt of the Court's remand order, the Appeals Council will remand this case to an ALJ with the following directions: (1) further consider Plaintiff's residual functional capacity [RFC] and in so doing, articulate the specific limitations in terms of work-related functioning; (2) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base

and to determine whether a significant number of jobs exist in the national economy that Plaintiff can perform; and (3) issue a new decision."  (Doc. 17, at p.1).

On July 19, 2013, Plaintiff filed a response to the motion.  (Doc. 18).  Plaintiff agreed that remand was required, but she objected to the "narrow scope" of the remand sought by Defendant.  Plaintiff suggested that a remand with the limited scope sought by Defendant would affirm the ALJ's findings at the other steps of the sequential disability evaluation process, and Plaintiff stated that she did not consent to a remand that affirmed those findings.  Plaintiff also pointed out that the obvious error in the ALJ's RFC finding cast significant doubt on the accuracy of the ALJ's other findings.[1]  Plaintiff asked that, on remand, the ALJ be ordered to issue a new decision entirely, analyzing all aspects of the five-step sequential evaluation.  (Doc. 18).

On August 19, 2013, the Court entered a Memorandum and Order granting Defendant's motion to remand.  (Doc. 19).  The Court stated that it agreed with both Plaintiff and Defendant that reversal and remand was required because of the ALJ's deficient RFC finding and the lack of vocational expert testimony.  The Court also stated,

> It is unclear at this time whether there are other errors in the ALJ's decision or whether the ALJ's other findings are supported by substantial evidence.  Thus, the Court does not affirm any part of the ALJ's decision.  On remand, the ALJ should ensure that her entire decision complies with the relevant regulations.

(Doc. 19, at p. 2).  On the same day, the Court entered a judgment reversing the Defendant's decision denying benefits and remanding this case to Defendant for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 20).

---

[1]The ALJ's decision stated, "After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:".  No limitations follow the colon.  (Tr. 33).

In her first Motion for Attorney's Fees under the EAJA, Plaintiff requested attorney's fees in the amount of $1,256.45, representing 6.7 hours of attorney time at a rate of $187.53 per hour. (Doc. 21). Defendant filed a response, arguing that most of the fees sought for work performed after Defendant had already offered to remand the case were unreasonable; Defendant asked the Court to reduce the fee award sought by 4.2 hours. (Doc. 23). Plaintiff filed a reply, arguing that the response to the motion to remand was necessary to ensure that the Court was not affirming any of the ALJ's findings and that the ALJ should issue an entirely new decision on remand. (Doc. 25). Plaintiff then filed an Amended Motion for Attorney's Fees in which she sought $2,231.61, representing the previously-requested fees plus fees for an additional 5.2 hours Plaintiff's counsel spent on correspondence, research, and briefing related to the reply and the Amended Motion. (Doc. 26-1). Defendant filed a response renewing its objection to Plaintiff's original motion and further objecting to the additional fees sought. (Doc. 27).

## II. DISCUSSION

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include, *inter alia*, "reasonable attorney fees." *Id.* § 2412(d)(2)(A).

The district court has discretion to determine the amount of time reasonably expended, and an EAJA award is reviewed only for an abuse of discretion. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (noting that "the ultimate amount of an EAJA fee award remains within

the district court's discretion"); *see also Decker v. Sullivan*, 976 F.2d 456, 459 n.1 (8th Cir. 1992). "The trial court is considered an expert in the reasonableness of attorneys' fees." *Holland v. City of Gerald, Mo.*, No. 4:08CV707 HEA, 2013 WL 1688300, at *2 (E.D. Mo. April 18, 2013); s*ee also Gohn v. Hill*, No. 4:09CV0769 JCH, 2011 WL 1630327, at *1 (E.D. Mo. April 29, 2011).   In determining whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Johnson v. Barnhart*, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183 at *1 (W.D. Mo.1994) (citing *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994)).

Here, Defendant does not dispute that Plaintiff is a prevailing party who is entitled to an award under the EAJA. (Doc. 23).[2] Defendant also does not argue that the agency's position below was substantially justified, nor does she appear to argue that an award of fees would be unjust. However, she contends that Plaintiff's request for fees should be reduced because some of the fees sought are not "reasonable" and thus are not compensable under the EAJA. Defendant specifically argues that Plaintiff should not be awarded fees for (A) the 3.9 hours spent responding to Defendant's voluntary motion to remand;[3] (B) 0.3 hours of the 0.5 hours spent reviewing the Court's Memorandum and Order granting Defendant's motion to remand; and (C) the 5.2 hours spent litigating the EAJA fee issue after Defendant filed its opposition to Plaintiff's first EAJA

---

[2] The Court notes that where, as here, a plaintiff obtains remand under sentence four of 42 U.S.C. § 405(g), the plaintiff is a prevailing part under the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

[3] Defendant also argues in the alternative that Plaintiff should recover for only two of the 3.9 hours.

motion.   Defendant does not object to the remaining hours requested.   The Court considers each of Defendant's objections in turn.

### A.  Fees Related to Plaintiff's Response to Defendant's Motion to Remand

The Court first considers the reasonableness of the 3.9 hours Plaintiff's counsel spent preparing a response in which Plaintiff agreed to Defendant's voluntary motion to remand but asked the Court for additional directives to the ALJ regarding the scope of remand.

Defendant asserts that "[i]n general, time spent by a plaintiff on pleadings after a defendant moves for remand is considered unnecessary and not 'reasonable' for purposes of the EAJA." (Doc. 23, at 3).   The Court disagrees.   Courts do often refuse to award fees for time spent unreasonably and unsuccessfully *opposing* a voluntary motion to remand and arguing instead for a judicial award of benefits.   *See, e.g.*, *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 113-16 (E.D. N.Y. April 27, 2000); *Tavarez v. Comm'r. of Social Sec.*, No. 00 CIV 4317 (DLC), 2001 WL 936240, at *2-*3 (S.D. N.Y. Aug. 17, 2001).   However, to the extent that a plaintiff's time is spent successfully seeking additional guidance for the ALJ on remand, rather than simply opposing remand, courts frequently do award fees.   *See Taggert-Jeffries v. Astrue*, No. 4:10 CV 1140 DDN, 2011 WL 304591, at *1-*2 (E.D. Mo. Jan. 28, 2011) (awarding fees associated with the plaintiff's successful attempt to expand and restrict the scope of a remand sought by the defendant); *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1095-96 (E.D. Wis. 2003) (awarding 20% of fees sought in connection with an opposition to a motion to remand because 20% of the plaintiff's brief was related to directives the court included in its remand order); *Pazo v. Apfel*, No. 98 CV 5535, 2001 WL 36170169, at *1-*2 (E.D. N.Y. Mar. 31, 2001) (awarding fees where the plaintiff's "opposition to the offer of remand was based on plaintiff's wish to have the remand order include clarifying language" and the plaintiff's efforts were successful).

The Court finds *Uphill* instructive. In *Uphill*, the plaintiff opposed the defendant's voluntary motion for remand, instead arguing for a judicial award of benefits. 271 F. Supp. 2d at 1089. The court granted the defendant's motion to remand, but the remand order included directives to the ALJ that the defendant bore the burden of proof in a termination of benefits case and that the ALJ should apply the eight-step sequential evaluation process in making his decision on remand. *Id.* at 1095. The court rejected the plaintiff's argument that these directives constituted a victory sufficient to justify an award of all of the fees sought, noting that these directives were only a "side effect" of arguments the plaintiff had made in his opposition briefs rather than a direct result, that the burden of proof issue was already addressed by regulations, and that there was no indication that the plaintiff had sought additional directives from the defendant and been rebuffed. *Id.* at 1095-96. Nonetheless, the court found that the plaintiff had obtained sufficient benefit from the opposition briefing to warrant an award of some EAJA fees:

> [P]laintiff obtained some benefit from his opposition. His efforts produced directives which will guide the ALJ on remand. These directives may well result in a more expeditious determination of the claim and obviate the need for further judicial review. Because the initial decision was so flawed additional guidance was necessary, and such guidance is a benefit to plaintiff. A review of plaintiff's briefs reveals that about 20% of counsel's time can reasonably be ascribed to arguing the burden of proof and evaluation procedure issues. Thus, I will compensate plaintiff for 20% of the fees incurred after the Commissioner's motion.

*Id.* at 1096. This analysis yielded an award of 3.78 hours' worth of attorney's fees. *Id.* at 1096.

Relying in part on *Uphill*, a court in this district awarded fees associated with a plaintiff's response to a motion to remand. In *Taggert-Jeffries*, the defendant moved for a remand order directing the ALJ to obtain testimony from a vocational expert. *Taggert-Jeffries v. Astrue*, No. 4:10 CV 1140 DDN, 2010 WL 4789276, at *1 (E.D. Mo. Nov. 17, 2010). The plaintiff did not oppose remand, but she filed a response asking the court to (1) limit the time period to be reconsidered on remand, and (2) direct the ALJ to properly evaluate her residual functional

capacity, the medical opinion evidence, her impairments, and whether she met a listing. *Id.* The court noted that the defendant did not oppose the plaintiff's requests, and the court included in its remand order the directives the plaintiff had requested. *Id.* at *2. The court later awarded the plaintiff 6.1 hours of attorney's fees for preparing her three-page response to the motion to remand, noting that those hours were "reasonable and undisputed." *Taggert-Jeffries v. Astrue*, No. 4:10 CV 1140 DDN, 2011 WL 304591, at *1 (E.D. Mo. Jan. 28, 2011). The court also, over the defendant's objection, awarded the plaintiff 50% of the fees she sought with regard to an additional sixteen-page brief she had prepared in support of her complaint after the defendant filed its motion to remand. *Id.* at *2. The court reasoned that "plaintiff's counsel had to assimilate the record to decide whether to seek alterations to defendant's proposed scope of remand" and that "plaintiff may have 'obtained some benefit' from the brief in support of the complaint, because plaintiff's counsel had to incur some amount of fees to adequately respond to defendant's motion to remand, and to avoid a harsh, potentially inequitable result." *Id.* (citing *Uphill*, 271 F. Supp. 2d at 1096).

I find that here, as in *Uphill* and *Taggert-Jeffries*, Plaintiff "obtained some benefit" from her response to Defendant's motion to remand. In her response, Plaintiff alerted the Court to the possibility that a remand order that only directed the ALJ to reconsider two specific matters might suggest to the ALJ that she was only required to revisit those matters, or might even suggest that the ALJ's other findings had been affirmed and could not be revisited. Plaintiff also argued that the presence of the obvious and significant error in the ALJ's original decision called into doubt the accuracy of the entire decision. Because the Court agreed with Plaintiff's concerns, the Court included in its order the statements that "it is unclear at this time whether there are other errors in the ALJ's decision," that it "does not affirm any part of the ALJ's decision," and that "[o]n

remand, the ALJ should ensure that her entire decision complies with the relevant regulations." Those statements will benefit Plaintiff by ensuring that the ALJ will review her entire decision for compliance with the regulations. They also make it more likely that the ALJ will permit Plaintiff to make arguments on remand regarding the findings not mentioned in Defendant's motion to remand.

I reject Defendant's argument that it was unreasonable for Plaintiff to file a response requesting that the ALJ's findings not be affirmed because Defendant had not asked the Court to affirm any of the ALJ's findings. Regardless of whether the remand order requested by Defendant would have "affirmed" the ALJ's other findings, it could certainly have left the ALJ with the impression that she had no duty to revisit them. Plaintiff reasonably sought to make it clear to the ALJ that the Court had not considered the ALJ's other findings and that they should be reconsidered on remand. *See Taggert-Jeffries*, 2011 WL 304591, at *1-*2 (awarding fees where a plaintiff sought a directive that the ALJ reconsider findings not mentioned in the defendant's motion to remand).

I also reject Defendant's argument that Plaintiff obtained no benefit from the Court's statement that the ALJ should ensure that her entire decision complied with the relevant regulations, because the ALJ would have been bound by such a requirement even without such a statement. In *Uphill*, the court found that a plaintiff benefited from the court's inclusion of statements regarding the appropriate burden of proof (as described in the regulations) and the proper sequential evaluation process. 271 F. Supp. 2d at 1095-96. Presumably, the ALJ in *Uphill* would have been bound to apply the proper burden of proof and the proper sequential evaluation process with or without the clarifying language in the court's remand order. Nonetheless, the court found that its statements would "guide the ALJ on remand" and "may well

result in a more expeditious determination of the claim and obviate the need for further judicial review." *Id.* at 1096.  The same is true here.

I also find that it was reasonable for Plaintiff's counsel to spend 3.9 hours on its response to Defendant's motion.  This amount of time is well within the range awarded for similar work in other cases.  *See Uphill*, 271 F. Supp. 2d at 1096 (awarding fees for 3.78 hours that led to clarifying statements in a remand order); *Taggert-Jeffries*, 2011 WL 304591, at *1-*2 (awarding fees for 22.75 hours related to a response to a motion to remand).  Although Plaintiff's brief was not long, counsel had to spend time reviewing the relevant exhibits to determine what directives to request in the remand order.

The Court acknowledges that, in *Uphill* and *Taggert-Jeffries*, the amounts awarded by the courts were significantly smaller than the amounts the plaintiffs had originally sought.  However, in those cases, the courts reduced the fees sought because much of the plaintiffs' time had been spent on matters only tangentially related to the benefit received.  Here, in contrast, it appears that all of Plaintiff's counsel's time was directed toward clarifying and expanding the scope of the proposed remand order.  Thus, the Court will award fees for the full 3.9 hours expended.

### B. Fees for Time Spent Reviewing the Court's August 19, 2013 Memorandum and Order

Defendant argues that it was unreasonable for Plaintiff to spend 0.5 hours reviewing the Court's August 19, 2013 Memorandum and Order, and that it should have taken no more than 0.2 hours to review.  The Court agrees.  The Court's order was less than three pages long, was not at all complex, and granted all of the requests Plaintiff sought in her opposition to the motion to remand.  Plaintiff's counsel suggests that additional work was necessary to determine whether her goal had been met or further work was needed, but the Court cannot discern what that work could

reasonably have involved. Thus, the Court will award only fees for only 0.2 hours for Plaintiff's review of the August 19, 2013 Memorandum Order.

### C. Fees for Time Spent Litigating the EAJA Fee Issue

In her Amended Motion for Attorney's Fees, Plaintiff seeks fees associated with the 5.2 hours her counsel spent litigating the EAJA fee issue after Defendant filed her opposition to Plaintiff's EAJA motion. Defendant objects to an award of fees "to defend a request for an unreasonable amount of EAJA fees." (Doc. 27). Fees incurred in litigating a disputed EAJA award are compensable, and courts frequently award such fees. *See Comm'r., I.N.S. v. Jean*, 496 U.S. 154, 162-65 (1990) (holding that the court may award reasonable fees associated with litigating an EAJA fee dispute, even if the government's position in the fee litigation itself was substantially justified); *Waters ex rel. Edwards v. Astrue*, No. 10-0269-SSA-CV-W-MJW, 2011 WL 1883995, at *1-*3 (W.D. Mo. May 17, 2011) (awarding fees that included "five hours . . . for counsel's expenditure of labor in responding to the Commissioner's fee objections"); *Taggert-Jeffries*, 2011 WL 304591, at *1 (awarding fees for time spent litigating the EAJA award); *Uphill*, 271 F. Supp. 2d at 1096 (awarding full fees for time spent preparing the plaintiff's EAJA motion and reply brief and noting that the reply brief "was helpful to the court in deciding whether at least partial fees should be awarded" and "produced a benefit to plaintiff"). Here, Plaintiff's reply brief assisted the Court in determining that it would award nearly the full amount of the fees sought and thus produced a benefit to plaintiff. I also find that 5.2 hours was a reasonable amount of time to spend on the brief and related matters.

### D. Undisputed Fees

Defendant does not dispute the remaining 2.3 hours in fees sought by Plaintiff, most of which were incurred prior to Defendant's filing of the motion to remand or in connection with

Plaintiff's initial EAJA fee application. The Court has reviewed Plaintiff's time records for this time and finds the time spent to be reasonable.

Based on the all of the above, the Court will award Plaintiff fees for (A) the 3.9 hours spent responding to Defendant's voluntary motion to remand; (B) 0.2 hours of the 0.5 hours spent reviewing the Court's Memorandum and Order granting Defendant's motion to remand; (C) the 5.2 hours spent litigating the EAJA fee issue after Defendant filed its opposition to Plaintiff's first EAJA motion; and (D) the 2.3 hours that Defendant does not dispute. This amounts to a total of 11.6 hours.

### E. Hourly Rate

Plaintiff requests that fees be calculated at the rate of $187.53 per hour. The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "[W]here, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the statutory limit] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Defendant does not contest the hourly rate requested, and Plaintiff's counsel submitted evidence from the United States Bureau of Labor Statistics describing changes in the cost of living that justify the hourly rate requested. The Court finds the requested rate reasonable.

### III. CONCLUSION

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $2,175.35, representing 11.6 hours at a rate of $187.53 per hour.

Plaintiff has signed an affidavit assigning her interest in an EAJA fee award to her attorney. However, Plaintiff acknowledges that, in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010), an award of attorney's fees under the EAJA belongs to Plaintiff and is "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." Thus, Plaintiff requests that should payment of an EAJA fee not be used to satisfy an outstanding debt, the fee be made payable to Plaintiff's attorney. The Court finds this request reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Amended Motion for Attorney's Fees (Docs. 21 & 26) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded EAJA attorney's fees in the amount of $2,175.35, subject to offset for any pre-existing debt Plaintiff owes to the United States. After determining whether Plaintiff owes any debt to the United States that is subject to offset, Defendant is directed to pay the EAJA fees directly to Plaintiff's attorney.

.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2014.